IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                         NO. 29,123

CHRISTOPHER DURAN,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Ralph D. Shamas, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant challenges the district court's denial of his motion for directed verdict and argues the district court improperly admitted certain statements and photographs. We issued a calendar notice proposing to affirm the district court on April 8, 2009. Defendant timely filed, after extension, a memorandum in opposition

on June 8, 2009. We remain unpersuaded by Defendant's arguments and affirm the district court.

With regard to the directed verdict, "[t]he question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez,* 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) (citation omitted). When reviewing a challenge to the sufficiency of the evidence to support a conviction, we must determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). This Court "views the evidence in a light most favorable to the verdict, considering that the State has the burden of proof beyond a reasonable doubt." *State v. Garcia,* 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 (citation omitted). "This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Sutphin,* 107 N.M. at 131, 753 P.2d at 1319 (citation omitted). However, we also observe that evidence equally consistent with two inferences does not, without more, provide a basis for adopting a hypothesis. *Garcia,* 2005-NMSC-017, ¶ 12.

Defendant was convicted of possession of a firearm by a felon. To establish Defendant's guilt, the State was required to prove that: (1) Defendant possessed a

2

firearm; (2) Defendant, in the preceding ten years, was convicted and sentenced to one or more years imprisonment by a court of the United States or by a court of any state and has not been pardoned of the conviction by the appropriate authority; and (3) the offense occurred on or about the 24th day of February, 2008. UJI 14-701 NMRA. Only the first element appears to have been appealed in the current case. Because Defendant was not in actual possession of the gun at the time he was arrested, his conviction was apparently based on a theory of constructive possession. For constructive possession, the State must prove both that Defendant knew the gun was present in the car and exercised control over it. *Garcia,* 2005-NMSC-017, ¶ 13; UJI 14-130 NMRA. [RP 60] "Proximity alone does not constitute possession." *Garcia,* 2005-NMSC-017, ¶ 13 (citation omitted). We therefore consider whether there was a reasonable analysis the jury could have used to find knowledge and control. *Id.*

Applying the standard described above, we turn to the evidence presented below, as reflected in the docketing statement and memorandum in opposition. [DS 3-15; MIO 1-10] Defendant provides a lengthy description of the testimony presented at trial. Our review of the testimony suggests the jury could have, after a reasonable analysis, determined Defendant had knowledge and control of the firearm found in the car. First, Tricia Hutson testified she saw a red Ford Focus pull up to the restaurant and the driver open the trunk and retrieve a gun. [DS 4; MIO 1] She also

3

testified she was familiar with guns and that she was sure she saw the driver withdraw a gun. [Id.] She then attempted to call 911. [Id.] When she was unable to reach 911, she called dispatch and relayed the license plate number of the car. [DS 4; MIO 2]

Moreover, Barry Nateman testified the driver of the car was male and that Mr. Nateman followed the car from the parking lot until it was pulled over by police, only losing sight of the car briefly. [DS 6; MIO 4] While neither Ms. Hutson nor Mr. Nateman could identify Defendant, Ginnie Salas testified Defendant was the driver [DS 8-9; MIO 5], as did Officer Aldana. [DS 11; MIO 7] Officer Aldana also testified he could see a gun in the car, positioned between the passenger seat and the adjustment lever in the front seat. [Id.]

We acknowledge some of the witnesses offered contradictory testimony, including testimony that the gun belonged to someone other than Defendant. [DS 14] Defendant urges us to find Ms. Hutson's testimony not credible. [MIO 12] We reiterate, however, that we do not engage in re-weighing the credibility of each witness. *See generally State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 ("[I]t is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters."). We hold that Ms. Hutson's testimony, while contradicted by other testimony, was enough for a reasonable jury

4

to find an inference of knowledge and control under these circumstances. *See State v. Garcia,* 2005-NMSC-017, ¶ 24. The jury could have reasonably concluded the testimony proved Defendant, as both the sole male occupant of the vehicle and the driver, was also the same individual that Ms. Hutson had seen handling the gun minutes before and that Mr. Nateman had followed. We therefore hold the testimony in this case satisfied the State's burden of proof with respect to each of the elements of the offense.

Turning to Defendant's next issue, Defendant argues the district court erred in permitting Ms. Hutson to testify she heard a woman yelling at Defendant "Put that away. You don't need that here." [MIO 1] The State apparently argued both that the statement was an excited utterance and that the statement was not offered for the truth of the matter. [MIO 2] Defendant argued that if the statement were not offered for the truth of the matter, it was irrelevant. [Id.] The district court allowed the testimony as "an excited utterance made by an unavailable witness." [Id.]

"We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. We have previously held the district court has broad discretion in determining whether a statement qualifies as an excited utterance as defined by Rule 11-803(B) NMRA. *See State v. Hernandez*, 1999-NMCA-105, ¶

10, 127 N.M. 769, 987 P.2d 1156 (noting the district court's assessment of whether a statement meets this definition should be guided by consideration of a variety of factors, including: "(1) the time lapse between the startling event and the statement, (2) whether the declarant had an opportunity to fabricate the statement, (3) the mental and physical state of the declarant at the time of the statement, (4) whether the statement was self-serving, and (5) whether the statement was made in response to an inquiry"). We also reiterate we will uphold the district court's ruling if it is right for any reason. *See, e.g.*, *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

We first note we doubt Ms. Hutson's statement constituted hearsay at all. While the limited record lacks clarity with regard to the State's argument, it is conceivable the statement was offered as part of the factual events leading up to Ms. Hutson's decision to call 911, rather than to prove the truth of the matter asserted, i.e., that someone was told to "put that [gun] away. You don't need that [ gun] here." As such, the statement would not be hearsay, nor irrelevant, and its admission would have been proper.

Further, we note that even were the admission of this statement improper, any error was harmless error. Our Supreme Court, in *State v. Barr*, No. 30,191, slip op.

6

at ¶¶ 53, 56 (N.M. Ct. App. May 22, 2009), recently clarified the standard for determining whether error constitutes harmless error. For non-constitutional error, a reviewing court should only conclude that "error is harmless when there is no *reasonable probability* the error affected the verdict." *Id.* ¶ 53 (emphasis in original). "Non-constitutional error is reversible only if the reviewing court is able to say, in the context of the specific evidence presented at trial, that it is reasonably probable that the jury's verdict would have been different but for the error." *Id.* To decide whether the error was harmless, a reviewing court should consider whether there is (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the State's testimony. *Id.* ¶ 56.

The purpose of this analysis is not to re-judge the defendant. "The harmless error analysis does not center on whether, in spite of the error, the right result was reached. Rather, the focus is on whether the verdict was impacted by the error." *Id.* ¶ 57. Here, we do not see how this particular statement would affect the jury's decision. Defendant himself suggests the testimony is irrelevant; he suggests the woman's statement could have meant "put your wallet away, I am paying for dinner." [MIO 15] Rather, it is Ms. Hutson's other testimony, that she saw Defendant pull a

gun out of the trunk, which, if improperly admitted, might have resulted in a reasonable probability of the statement impacting the jury's verdict. That is not the case here. While there may have been some conflicting evidence, we hold substantial evidence existed to support the conviction even without the statement in question and that, given the other testimony, any error in admitting the statement was "minuscule."

Finally, with regard to the photographs, Defendant argues the district court erred in admitting multiple photographs of the same gun. [MIO 20-21] Photographs are generally relevant and admissible for the purpose of clarifying and illustrating testimony. *State v. Hutchinson*, 99 N.M. 616, 624-25, 661 P.2d 1315, 1323-24 (1983) (citations omitted) (reiterating photographs may serve as corroboration of witness testimony). The fact that a photograph is cumulative or repetitious does not necessarily render it inadmissible as long as it is reasonably relevant to the issues of the case. *Id.* Defendant fails to provide us with any facts indicating the district court abused its discretion by allowing the introduction of the photos of the gun found in the car driven by Defendant. Nor has he explained how he might have been prejudiced by their admission.

For the foregoing reasons, we affirm the district court.

**IT IS SO ORDERED.**

_____

                              **RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Chief Judge**



_____
**JONATHAN B. SUTIN, Judge**